UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

## ORDER

The cases identified in the attached schedule are set for trial during the trial month beginning **NOVEMBER 2, 2015**, in the United States Courthouse, 801 N. Florida Avenue, Tampa, Florida, Courtroom 15A before Judge Steven D. Merryday. However, cases are subject to trial by any Article III judge.

No calendar call will occur.  The courtroom deputy will notify counsel on which Monday to appear for trial.  The names of counsel are furnished so that counsel may inform themselves of the progress of the listed cases.

Counsel and *pro se* parties must advise the court promptly of any development that affects the trial of this case.

No later than the beginning of trial, counsel must provide the courtroom deputy with three copies of the filed exhibit lists and witness lists.  The parties must pre-mark exhibits in accord with Rules 3.06, 3.07, and 5.04 of the Local Rules of the Middle District of Florida.  The Local Rules, the exhibit list form, and the exhibit tag form are available at www.flmd.uscourts.gov.

No later than four business days before the first day of a jury trial, counsel must (1) file proposed voir dire, jury instructions, and verdict form, (2) serve a copy of each on opposing counsel, (3) provide the courtroom deputy with a paper copy for the judge, and (4) e-mail to the courtroom deputy an MS-Word version of the jury instructions and the verdict form.

A request to continue a trial must include a report of every non-moving party's current support for, or opposition to, the requested continuance.  If a request to continue is based on a calendar conflict with another proceeding, the request must provide the information necessary to confirm the existence of, and to determine the applicable priority of, the conflicting events in accord with the prescriptions in the "Resolution of the Florida State-Federal Judicial Council Regarding Calendar Conflicts Between State and Federal Courts," which appears in Rule 2.550, Florida Rules of Judicial Administration.  At a minimum the motion for a continuance based on a calendar conflict must contain the name of the conflicting case, the case number

and venue, the name and telephone number of the presiding judge, and the date of the order fixing the trial date in the conflicting case.

Comply with Local Rule 5.03 at all times during trial.

ORDERED in Tampa, Florida, on October 15, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

## MIDDLE DISTRICT RULE 5.03 --- COURTROOM DECORUM

(a)  The purpose of this rule is to state, for the guidance of those heretofore unfamiliar with the traditions of this Court, certain basic principles concerning courtroom behavior and decorum.  The requirements stated in this rule are minimal, not all-inclusive; and are intended to emphasize and supplement, not supplant or limit, the ethical obligations of counsel under the Code of Professional Responsibility or the time honored customs of experienced trial counsel.  Individual judges of the Court may, in any case, or generally, announce and enforce additional prohibitions or requirements; or may excuse compliance with any one or more of the provisions of this rule.

(b)  When appearing in this Court, unless excused by the presiding Judge, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following:

(1)  Stand as Court is opened, recessed or adjourned.

(2)  Stand when the jury enters or retires from the courtroom.

(3)  Stand when addressing, or being addressed by, the Court.

(4)  Stand at the lectern while examining any witness; except that counsel may approach the Clerk's desk or the witness for purposes of handling or tendering exhibits.

(5)  Stand at the lectern while making opening statements or closing arguments.

(6)  Address all remarks to the court, not to opposing counsel.

(7)  Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feeling between the litigants or witnesses.

(8)  Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

(9)  Only one attorney for each party shall examine, or cross examine each witness.  The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

(10)  Counsel should request permission before approaching the bench; and any documents counsel wish to have the Court examine should be handed to the Clerk.

(11)  Any paper or exhibit not previously marked for identification (see Rule 3.07) should first be handed to the Clerk to be marked before it is tendered to a witness for his examination; and any exhibit offered in evidence should, at the time of such offer, be handed to opposing counsel.

(12)  In making objections counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the Court.

(13)  In examining a witness, counsel shall not repeat or echo the answer given by the witness.

(14)  Offers of, or requests for, a stipulation should be made privately, not within the hearing of the jury.

(15)  In opening statements and in arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue; shall not read or purport to read from deposition or trial transcripts, and shall not suggest to the jury, directly or indirectly, that it may or should request transcripts or the reading of any testimony by the reporter.

(16)  Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

# MERRYDAY TRIAL CALENDAR: NOVEMBER 2015



**(TRIAL TERM BEGINS NOVEMBER 2, 2015)**

| | CASE NUMBER | CASE NAME | COUNSEL | | DAYS |
|---|---|---|---|---|---|
| **1** | 8:15-cr-255-T-23TGW | UNITED STATES OF AMERICA v. BOBBY MUHAMMAD | Amanda Riedel<br><br>Debra B. Tuomey | 813 274-6000<br><br>352 584-0020 | 7 |
| **2** | 8:15-cr-256-T-23JSS | UNITED STATES OF AMERICA v. NATHAN ALEXANDER BRYAN | Amanda C. Kaiser<br><br>Adam Joseph Nate | 813 274-6000<br><br>813 228-2715 | 5 |
| **3** | 8:15-cr-301-T-23TGW | UNITED STATES OF AMERICA v. DESRICK GORDON | Shauna S. Hale<br><br>Victor Martinez | 813 274-6000<br><br>813 289-0600 | 5 |
| **4** | 8:15-cr-344-T-23JSS | UNITED STATES OF AMERICA v. MICHAEL PERRY CARLETON | Donald Hansen<br><br>Yvette C. Gray | 813 274-6000<br><br>813 228-2723 | 4 |
| **5** | 8:15-cr-345-T-23TGW | UNITED STATES OF AMERICA v. WISAM ZUHDI SULEIMAN SALIM | Sara C. Sweeney<br><br>Tim Bower-Rodriguez | 813 274-6000<br><br>813 384-7555 | 4 |
| **6** | 8:15-cr-391-T-23JSS | UNITED STATES OF AMERICA v. CHRISTOPHER BOWEN BALFREY | Stacie B. Harris<br><br>Angela B. Wright | 813 274-6000<br><br>813 277-0068 | 3 |
| **7** | 8:14-cv-1123-T-23TGW | LANCELOT KOLLMAN v. THOMAS J. VILSACK, et al. | William J. Cook<br><br>Michael Kenneth | 813 489-1001<br><br>813 274-6000 | 3 |
| **8** | 8:14-cv-1616-T-23JSS | CHARMAINE BRAWNER v. PASCO COUNTY HOUSING AUTHORITY, et al. | Richard Motley<br><br>Andrew Salzman | 727 847-5494<br><br>727 723-3772 | 4 |